1  ADAM BRAVERMAN
   United States Attorney
2  CONNIE V. WU (#297177)
   ARI FITZWATER (#301438)
3  Special Assistant U.S. Attorney
   U.S. Attorney's Office
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Tel: (619) 546-8592
   Email: Connie.Wu@usdoj.gov
6
7  Attorneys for the Plaintiff
   UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 17CR3399-DMS |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO** |
| v. | |
| OSCAR VILLAMAR-MORAN (2),YEISON RENTERIA-VALENCIA (4) | **(1) COMPEL DISCOVERY and PRESERVE EVIDENCE; AND** |
| YEISON RENTERIA-VALENCIA (4), Defendant. | **(2) LEAVE TO FILE ADDITIONAL MOTIONS** |
| | **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES, AND THE UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY** |

The United States of America, by and through its counsel, United States Attorney, Adam Braverman, Special Assistant U.S. Attorney, Ari D. Fitzwater, and Assistant U.S. Attorney, and Connie V. Wu, hereby files its Response in Opposition to Defendant's Motion to Compel Discovery, Preserve Evidence, and Grant Leave to File Further Motions as well as its Motion for Reciprocal Discovery. These motions are based upon the files and records of this case.

# I.

# MOTION TO COMPEL AND PRESERVE DISCOVERY

## A. Motion For Reciprocal Discovery

To date, the United States has produced over all available discovery, including a case package prepared by the USCG, which includes video footage. The United States also provided Defendants with a copy of each respective Defendant's post-arrest interviews. The United States will continue to provide additional discovery as it becomes available on a rolling basis.

Defendants Renteria-Valencia and Villamar-Moran each filed very similar discovery motions covering at least 27 enumerated categories. For purposes of efficiency, the United States hereby files its consolidated response to those motions. Many relate to "*Brady* Material" or information that would otherwise be helpful to the defense, specifically. The United States recognizes and acknowledges its obligation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The United States will continue to comply with its discovery obligations going forward.

As to exculpatory or impeachment information, the United States is aware of its obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972) and will comply with those obligations. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted. However, the United States opposes any bright line cut-offs for discovery production and respectfully <u>requests that all motions for such deadlines be denied at this time</u>.

The United States further objects to several of Defendant's specific requests as outlined below. Defendants' specific requests are numbered differently, but for the sake

2

USA Response in Opposition to Def. Mots. and USA Mot. for Reciprocal Discovery, Leave to File Further Mots.
17cr3399-dms

of simplicity, the United States will refer to the requests using Defendant Renteria-Valencia's numbering.

In request (2), Defendant requests arrest reports, rough notes, and dispatch tapes. The United States does not deem agents' rough notes to be discoverable at this time but will take steps to preserve them as requested in Defendant's motion.

In request (8), Defendant requests the preservation of evidence, including personal effects. The United States has sought preservation of all items seized as evidence; however, it is possible that not all personal effects were maintained by the U.S. Coast Guard or the DEA if they were not previously deemed to have evidentiary value. The United States has endeavored to preserve anything that is currently in its custody.

In request (9), Defendant requests Henthorn material to be produced for each agent involved with Defendant's case. In *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that, upon a defendant's request, the United States is required to review personnel files of law enforcement officials that the government intends to call as witnesses. Defendant's request overstates the United States' *Henthorn* obligations, and the United States opposes production of Henthorn material for non-testifying government witnesses. The United States also opposes Defendant's requested deadline of one week before the motion hearing and two months before trial as the type of in-depth review requested from all the various agencies may not always be completed on this timeline despite everyone's best efforts. The United States will produce *Henthorn* material when it becomes available and will endeavor to produce it at least 10 days before trial or testimony.

In request (11), Defendant requests <u>eight</u> weeks' expert notice. The United States will make every effort to give <u>four</u> weeks' expert notice and moves for the same amount of notice from Defendant as both sides should be entitled to ample time to properly prepare for and respond to expert testimony.

3

USA RESPONSE IN OPPOSITION TO DEF.
MOTS. AND USA MOT. FOR RECIPROCAL
DISCOVERY, LEAVE TO FILE FURTHER MOTS.
17CR3399-DMS

In request (12), (13), and (14), (15), and (16), Defendant requests impeachment evidence, evidence of criminal investigations, and evidence of bias or motive to lie, evidence affecting perception/recollection/veracity/ability to communicate, and witness addresses for any "prospective government witness." Defendant is not entitled to those items for non-testifying witnesses under Ninth Circuit law. Therefore, the United States opposes production of requests (12), (13), (14), (15), and (16) for the government's non-testifying witnesses.

In request (16), Defendant "requests the name and last known address of each prospective government witness." The United States will provide a list of witness names in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced. At this time, the United States only anticipates calling law enforcement witnesses. Their work addresses are publically available and will not be provided.

In request (18), Defendant requests disclosure of "any statement relevant to any possible defense or contention that he might assert." The authority on which Defendant relies under *United States v. Bailleaux*, simply affirms the Government's disclosure obligations under Rule 16, with which the United States has and will continue to comply. Defendant's request, however, overstates the United States' obligation under Rule 16 and should be denied and/or limited to that which is actually covered by Rule 16.

Defendant's request (25) for "Personnel Records of Government Officers Involved in the Arrest," exceeds the mandates of *Brady* and *Giglio* and should be denied. The only authority Defendant cites is *Pitchess v. Superior Court*, 11 Ca. 3d 531, 539 (1974), which does not bind this Court. Moreover, even in California state courts bound by *Pitchess*, personnel records are not automatically disclosed to Defendants based on generic two-sentence requests. Rather, there is a codified procedure. *See* Cal.Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§1043-1045.

4

USA Response in Opposition to Def.
Mots.and USAMot. for Reciprocal
Discovery, Leave to File Further Mots.
17cr3399-dms

The *Pitchess* procedure involves two steps. First, the defendant must make a written motion for peace officer personnel records that describes the records sought and that is "supported by 'affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency identified has the records or information from the records.'" *California Highway Patrol v. Superior Court*, 84 Cal. App. 4th 1010, 1019-20, 101 Cal. Rptr. 2d 379 (2000) (quoting Cal. Evid. Code §1043). Second, if a showing of good cause is made, the trial court will conduct an *in camera* review of the records to determine whether they are relevant to the current proceedings. If the trial court concludes that the records are relevant, only then should Defendant be allowed access to them.

In request (26) and (27), Defendant requests "copies of all written, videotaped or otherwise recorded policies of training instructions by all law enforcement agencies involved in the case," and "performance goals and policy awards" for all law enforcement officers involved in the case, *id.* The Ninth Circuit in *United States v. Cadet*, 727 F.2d 1452 (9th 1984), sets forth the relevant law:

> To obtain discovery under Rule 16(a)(1)(C), a defendant must make a prima facie showing of materiality. *United States v. United States District Court, Central District of California*, 717 F.2d 478, 480 (9th Cir.1983); *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir.1978), cert. denied, 440 U.S. 982, 99 S. Ct. 1792, 60 L. Ed. 2d 242 (1979). A general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of Rule 16(a)(1)(C). See *United States v. Marshall*, 532 F.2d 1279, 1285 (9th Cir.1976) (general description and conclusory arguments are insufficient to show materiality under former Rule 16(b)).

*Cadet*, 727 F.2d at 1468. Here, Defendant has made no showing of materiality of the records he seeks. He has failed to even offer up a conclusory argument as to their materiality. Furthermore, he has requested a voluminous amount of law enforcement

5

USA Response in Opposition to Def.
Mots. and USA Mot. for Reciprocal
Discovery, Leave to File Further Mots.
17cr3399-dms

sensitive information that will be burdensome to obtain and produce. As such, both requests should be denied.

In sum, the United States has provided a substantial amount of discovery and will continue to make additional productions and disclosures on a rolling basis in compliance with its legal obligations. To the extent Defendant requests specific documents or types of documents, the United States will continue to disclose any and all discovery that is required by the relevant discovery rules. The United States will also accommodate reasonable requests to inspect items upon a request for viewings at mutually agreeable times. To the extent that Defendant requests broad categories of law enforcement sensitive information without any showing of materiality, his requests should be denied. The United States requests that the Court issue rulings on the above-contested discovery requests at the next court date.

## II.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Finally, the United States does not oppose Defendant's motion for leave to file further motions so long as they are based on new discovery or legal issues arising from new discovery.

Similarly, the United States reserves the opportunity to file further motions based on new discovery or legal issues that arise.

## III.

## MOTION FOR RECIPROCAL DISCOVERY

In light of Defendants' motions for discovery, the United States hereby requests that all Defendants provide all material which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

**(1) Defendant's Disclosures Under Fed. R. Crim. P. 16(b)**

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States

has not received any reciprocal discovery from Defendants. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States. The United States hereby requests Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which he intends to introduce as evidence at the trial, or which was prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### (2) Witness Statements Under Fed. R. Crim. P. 26.2

Under Rule 26.2 of the Federal Rules of Criminal Procedure, Defendant are required to produce prior statements of all witnesses, except a statement made by Defendant. Rule 26. 2 requires reciprocal production of witness statements, in accordance with the Jencks Act, 18 U.S.C. § 3500 et seq.

The timeframe established by Rule 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form

7

USA Response in Opposition to Def. Mots. and USA Mot. for Reciprocal Discovery, Leave to File Further Mots.
17CR3399-DMS

in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV.
## CONCLUSION

For the foregoing reasons, the United States requests that Defendant's motions be denied where opposed and that this Court grant the United States' Motion for Reciprocal Discovery.

DATED: November 22, 2017  Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney


*/s/ Connie V. Wu*
CONNIE V. Wu
Assistant U.S. Attorney


*/s/ Ari D. Fitzwater*
ARI D. FITZWATER
Special Assistant U.S. Attorney

8

USA RESPONSE IN OPPOSITION TO DEF. MOTS. AND USA MOT. FOR RECIPROCAL DISCOVERY, LEAVE TO FILE FURTHER MOTS.
17CR3399-DMS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>OSCAR VILLAMAR-MORAN (2), YEISON RENTERIA-VALENCIA (4),<br><br>        Defendant. | Case No.: 17CR3399-DMS<br><br>CERTIFICATE OF SERVICE |

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

- ■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

- ☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

- ☐ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

Executed on November 22, 2017.

*/s/ Connie V. Wu*
CONNIE V. WU